IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARBOFER USA, SALZGITTER MANNESMANN INTERNATIONAL (USA) INC., and GENERALI  ASSICUROZIONI GENERALI S.p.A. | § | CIVIL ACTION NO. H-09-3992 |
| Plaintiffs | § | |
| V. | § | (Pursuant to Rule 9(h) of the |
| | § | Federal Rules of Civil Procedure) |
| M/V EXPANDER, her engines, boilers, tackle, etc., *in rem*, CHANGSUNG SHIPPING CO., LTD., DAEWOO LOGISTICS, CORP. and RICHARDSON STEVEDORING & LOGISTICS SERVICES, INC. | § | |
| Defendants | § | ADMIRALTY |

**COMPLAINT**

Now come Plaintiffs, CARBOFER USA, SALZGITTER MANNESMANN INTERNATIONAL (USA), INC., and GENERALI ASSICUROZIONI GENERALI S.p.A., (hereinafter collectively referred to as "Plaintiffs"), and file this Complaint against Defendants, M/V EXPANDER, *in rem*, and CHANGSUNG SHIPPING CO., LTD., DAEWOO LOGISTICS CORP. and RICHARDSON STEVEDORING & LOGISTICS SERVICES, INC., *in personam*, (hereinafter collectively referred to as "Defendants") for causes of action which respectfully will be proven by a preponderance of credible evidence:

1.      This action involves claims by cargo owners and insurers against the M/V EXPANDER, the vessel owner, and the ocean carriers for loss and damage to maritime cargo arising from tort, bailment and/or breach of contract.  Accordingly, this Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333.  The Court has supplemental jurisdiction of Plaintiff's claims against Defendants under 28 U.S.C. §1367 because they are so related to the other claims in this action within the Court's original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      CARBOFER USA is a Delaware corporation with its principal place of business in Wilmington, Delaware.

3.      SALZGITTER MANNESMANN INTERNATIONAL (USA), INC. is a Texas corporation with its principal place of business in Houston, Texas.

4.      GENERALI ASSICUROZIONI GENERALI S.P.A. is a foreign insurance corporation with its principal place of business in Genoa, Italy.

5.      CHANGSUNG SHIPPING CO., LTD. ("Changsung"), owned, chartered, managed and/or operated the M/V EXPANDER as a common carrier of goods by water for hire between various ports, including the Ports of Xingang, Tianjin, China and Houston, Texas.  Changsung is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating, chartering and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Oldendorff is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Changsung may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Changsung has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Changsung is consistent with

the Constitutions and other laws of the United States and Texas. Accordingly, serving Changsung with a summons is effective to establish personal jurisdiction over it. Changsung can be served by serving the Texas Secretary of State. Process or notice can be sent to Changsung at its home office located at 2nd Floor, Youone Building, 75-95, Seosomun-dong, Jung-gu, Seoul, 100-110, South Korea.

6.      DAEWOO LOGISTICS CORP. ("Daewoo"), owned, chartered, managed and/or operated the M/V EXPANDER as a common carrier of goods by water for hire between various ports, including the Ports of Xingang, Tianjin, China and Houston, Texas.  Daewoo is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating, chartering and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Oldendorff is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Daewoo may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Daewoo has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Daewoo is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Daewoo with a summons is effective to establish personal jurisdiction over it. Daewoo can be served by serving the Texas Secretary of State. Process or notice can be sent to Daewoo at its home office located at Daewoo

3

Center Building, 541, Namdaemun-no 5-ga, Jung-gu, Seoul, 100-714, South Korea.

7.      At all times material, RICHARDSON STEVEDORING & LOGISTICS SERVICES, INC. ("Richardson") was a Texas corporation engaged in the business of handling and storing marine cargos, and loading and discharging cargo to and from vessels at the Port of Houston. Richardson can be served by serving its registered agent, C.T. Corporation System, Inc., 350 North St. Paul Street, Dallas, Texas 75201.

8.      At all material times, Defendants Changsung and Daewoo owned and/or operated and/or managed and/or chartered the M/V EXPANDER, for use as an ocean common carrier of goods by water for hire between various ports, including the Ports of Xingang, Tianjin, China and Houston, Texas.

9.      On or about October 20, 2008, Defendants Changsung and Daewoo entered into transportation contracts, including bills of lading and/or other documents and commenced loading of hot dipped galvanized steel sheet in coils (hereinafter "steel cargo") for carriage from Xingang, Tianjin, China to Houston, Texas.

10.     Plaintiffs, as the owners and subrogated cargo insurers of the steel cargo carried aboard the vessel, delivered to the vessel and Defendants Changsung and Daewoo in Xingang, Tianjin, China, the above steel cargo in good order and condition and those Defendants agreed to safely receive, load, stow, secure, carry, discharge and deliver the steel cargo at Houston, Texas in the same good order and condition as when received aboard the vessel, in consideration of paid freight charges.  Defendants Changsung and Daewoo acknowledged receipt of the steel cargo in good order and condition and, accordingly, issued various bills of lading including, but not limited to, Bills of Lading DWLGEPDHOU83401 and DWLGEPDHOU83402, free of exceptions or other notations for loss or damage, and loaded the steel cargo aboard the M/V

EXPANDER for carriage to Houston, Texas.

11.     Thereafter, on or about December 17, 2008, the M/V EXPANDER arrived at the port of Houston, Texas where Richardson later discharged the steel cargo not in the same good order and condition as when received but, on the contrary, damaged by rust and physical damage.  The damages and losses to the steel cargo proximately resulted from Changsung's and Daewoo's respective acts, omissions, negligence, breach of contract, breach of bailment and/or other breaches of duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V EXPANDER.

12.     Alternatively, the damages and loss proximately resulted from Richardson's conduct in failing properly to discharge the cargo from the M/V EXPANDER. That conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

13.     Plaintiffs, as a result of the above breaches by Defendants, have sustained damages in the amount of approximately $155,432.90 plus survey expenses and interest dating from December 17, 2008, demand for which has been made upon Defendants, but which they refuse to pay.

14.     In addition to the aforementioned damages, it has become necessary for Plaintiffs to employ the law firm of W. Sean O'Neil, Attorney at Law to recover the damages owed. Under Tex.Cix.Prac.&Rem. Code §38.001, Plaintiffs are entitled to recover their reasonable and necessary attorney fees from Defendants.

15.     At all times material, Plaintiffs owned or had a ownership interest in the steel cargo and brings this action for itself and/or trustee for all persons or entities, including any insurer(s) that are or may become interested in the steel cargo.

WHEREFORE, Plaintiffs pray that process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V EXPANDER, its engines, boilers, tackle, etc.; that all persons claiming an interest therein be required to appear and answer, under oath, all and singular, the matters aforesaid; that the *in personam* Defendants be cited to appear and answer, under oath, all and singular, the matters aforesaid; that Plaintiffs have judgment for its damages, interest and costs and necessary attorneys' fees, plus legal interest at the legal rate until paid and all costs of court.  Plaintiffs also pray for all such further relief, both general and special, at law or in equity, to which they may be entitled.

Respectfully submitted,

*/s/ W. Sean O'Neil, Esq.*
**W. Sean O'Neil**
TBA No. 24033807
SDTX No. 24835
12651 Briar Forest, Suite 220
Houston, Texas 77077
Telephone:     (281) 496-0193
Telefax:         (281) 496-0680
**ATTORNEY FOR PLAINTIFFS**

*PLEASE SERVE:*
**Changsung Maritime Co., Ltd.**
By Serving the Texas Secretary of State
With Copies of Service or Notice to:
2nd Floor, Youone Building, 75-95,
Seosomun-dong, Jung-gu,
Seoul, 100-110, South Korea.

**Daewoo Logistics Corp.**
By Serving the Texas Secretary of State
With Copies of Service or Notice to:
Daewoo Center Building, 541
Namdaemun-no 5-ga, Jung-gu,
Seoul, 100-714, South Korea.

**Richardson Stevedoring & Logistics Services, Inc.**
By Serving their Registered Agent
C.T. Corporation System
350 North St. Paul Street
Dallas, Texas 75201

Please withhold *in rem* process.